IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REYNOLDS SHIPPING USA LLC, | § § | |
| *Petitioner,* | § § § | |
| v. | § § | Civil Action No. H-13-mc-0068 |
| MINISTRY OF TRADE OF THE REPUBLIC OF IRAQ, | § § § § | |
| *Respondent.* | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion to Vacate Judgment filed by Respondent Ministry of Trade of the Republic of Iraq (the "Ministry") (Docket Entry No. 31), the Response filed by Petitioner Reynolds Shipping USA LLC ("Reynolds") (Docket Entry No. 32), and the Reply filed by the Ministry (Docket Entry No. 33).

Based on careful consideration of the motion, the response, the reply, the record, and the applicable law, the Court **GRANTS** the motion to vacate (Docket Entry No. 31), **VACATES** the order confirming arbitration award (Docket Entry No. 4) and the judgment (Docket Entry No. 6), and **DISMISSES** this case without prejudice.

## I. BACKGROUND AND CLAIMS

On January 23, 2013, Reynolds filed the underlying Amended Motion to Confirm Foreign Arbitration Awards pursuant to the provisions of the U.N. Convention on the Recognition and Enforcement of Foreign Arbitration Awards ("New York Convention"), 9

U.S.C. §§ 201–208, to confirm arbitration awards made in a foreign arbitration proceeding, and to enter judgment in conformity with the awards. The motion was based on three final arbitration awards Reynolds had obtained against the Ministry for payment of certain contractual obligations (the "Awards"). Reynolds alleged that the Court had jurisdiction over the proceedings pursuant to 9 U.S.C. § 203 of the New York Convention, and that it was entitled to confirmation of the Awards and entry of judgment pursuant to 9 U.S.C. § 207 and *Phoenix A.G. v. Ecoplas, Inc.*, 391 F.3d 433, 435–436 (2d Cir. 2004). Counsel for Reynolds certified that a copy of the motion had been served on the Iraq Commercial Office of Ministry of Trade under the Federal Rules of Civil Procedure.

This Court subsequently granted the motion, confirmed the Awards and, on February 19, 2013, entered judgment in conformity with the Awards pursuant to 9 U.S.C. § 207 (the "Judgment"). Reynolds was awarded judgment against the Ministry in the amount of $809,186.57, plus costs, interest, and attorney's fees. (Docket Entry No. 6.) The Court further ordered that Reynolds would have such writs and orders as necessary to enforce the Judgment. *Id.*

The Court was unaware of any defects in these proceedings until nine months later, on November 20, 2013, the Ministry filed the pending motion to vacate the Judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure, based on Reynolds's failure to comply with the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602–1611 ("FSIA").

Reynolds filed a response, arguing that the FSIA has no application to the instant proceedings and that the Judgment is valid.[1]

## II. ANALYSIS

In its Motion to Vacate, the Ministry contends that it is a foreign state for purposes of the FSIA, and that because Reynolds failed to comply with the FSIA in obtaining the Judgment, the Judgment and all post-judgment orders are void. Specifically, the Ministry contends that the Court lacked subject matter and personal jurisdiction because no summons was issued and no action was commenced; no service was accomplished; no default judgment was authorized; and no execution was permitted. In response, Reynolds argues that this Court's Judgment should stand as the FSIA does not apply in this instance.

It has long been recognized that the Foreign Sovereign Immunities Act[2] "provides the sole basis and method for obtaining jurisdiction over a foreign state in the courts of this country." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989); *see also Republic of Austria v. Altmann*, 541 U.S. 677, 691 (2004). It also provides the sole, comprehensive scheme for enforcing judgments against foreign sovereigns in civil litigation. 28 U.S.C. § 1609. For purposes of the FSIA, a "foreign state" includes "an agency or instrumentality of a foreign state." *Bd. of Regents of Univ. of Texas System v. Nippon Tel.*

---

[1] The Ministry does not dispute the underlying indebtedness in this proceeding, and the validity of the Awards is not before the Court.

[2] The FSIA is codified at Title 28, United States Code, §§ 1330, 1332, 1391(f), 1441(d), and 1602–1611.

3

*& Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007); 28 U.S.C. § 1603(b). It is undisputed that, in the instant case, the Ministry is an agency or instrumentality of Iraq.

Under the FSIA, a foreign state is presumptively immune from jurisdiction of the United States courts, and unless a specified exception applies, a federal court lacks subject matter jurisdiction over a claim against a foreign state. *UNC Lear Servs., Inc. v. Kingdom of Saudi Arabia*, 581 F.3d 210, 215 (5th Cir. 2009). "The FSIA begins with a presumption of immunity, which the plaintiff bears the initial burden to overcome by producing evidence that an exception applies, and once shown, the sovereign bears the ultimate burden of persuasion to show the exception does not apply." *Bell Helicopter Textron, Inc. v. Islamic Republic of Iran*, 734 F.3d 1175, 1183 (D.C. Cir. 2013) (citation omitted); *see also Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 533 (5th Cir. 1992).

In its Amended Motion to Confirm Foreign Arbitration Awards filed in the instant case, Reynolds made no reference to the FSIA or to its requirements, did not comply with the FSIA as to commencement, service, and application for a judgment or as to executing the judgment it obtained, and failed to comply with the FSIA. In light of Reynolds's failure to comply with the FSIA, the Court's order confirming the arbitration award and ensuing judgment must be vacated.

## III. CONCLUSION

The Court **GRANTS** the motion to vacate (Docket Entry No. 31), **VACATES** the order confirming arbitration award (Docket Entry No. 4) and the judgment (Docket Entry No. 6), and **DISMISSES** this case without prejudice.

Signed at Houston, Texas, on this the 18th day of June, 2014.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE